FILED
CLERK

12/5/2022 5:10 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

        -against-    ORDER
                                               95-CR-0301(JS)

PETER SHUE,

                      Defendant.
---------------------------------------X
APPEARANCES

For Defendant:    Peter Shue, Pro Se
                      1 Alexander Street, Apartment 419
                      Yonkers, New York  10701

For United States:   Michael R. Maffie, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York  11722

SEYBERT, District Judge:

        Currently before the Court is the motion of pro se Defendant Peter Shue ("Defendant") asking this Court to reconsider its six-month imprisonment sentence enters upon his guilty plea to a charge of violation of supervised release ("VOSR") (hereafter, the "Reconsider Motion").  (See ECF No. 245.[1])  For the reasons that follow, the Reconsider Motion is DENIED.

---

[1] Defendant's November 17, 2022 motion also sought a stay of his voluntary December 8, 2022 self-surrender date pending the outcome of his appeal of the VOSR sentence.  (See ECF No. 245 at 1-2.) However, on November 22, 2022, and pursuant to Rule 38(b)(1) of the Federal Rules of Criminal Procedure, the Court granted Defendant's prior Motion to Compel Extension of Surrender Date (ECF No. 244).  (See Nov. 22, 2022 Elec. Order.)  Therefore, having

BACKGROUND

The Court assumes the parties' familiarity with Defendant's underlying conviction and sentence.[2]  It states only the facts relevant to the subject VOSR conviction and sentence.

In December 2019, a VOSR Report was lodged against Defendant alleging three counts of having committed a state crime, to wit, one count of conspiracy and two counts of criminal possession of a controlled substance, all in violation of New York State Penal Law[3] and in violation of the terms of Defendant's supervised release imposed by this Court in this case.  (See ECF No. 217.)  On September 8, 2022, Defendant pled guilty to violating his supervised release based upon the conspiracy count in the VOSR Report; thereafter, he was sentenced to six months' imprisonment with no further supervised release to follow.  (See Minute Entry, ECF No. 237; Judgment, ECF No. 238.) He was directed to self-surrender on December 8, 2022.  (See Judgment at 2.)

---

already granted the requested stay relief, the Court does not address that portion of Defendant's Motion herein.

[2]  See generally United States v. Shue, 201 F.3d 433, 1999 WL 1069977 (2d Cir. Nov. 12, 1999) (table) (providing summary recitation of history of the instant case); Shue v. United States, No. 14-CV-2010, 2015 WL 795849 (E.D.N.Y. Feb. 24, 2015) (providing an overview of instant case, including relevant procedural history).

[3]  Ultimately, in state court, Defendant pled guilty to attempted criminal possession of a controlled substance, i.e., heroin. (See Sept. 8, 2022 Sent'g Hr'g (unofficial).)

On September 12, 2022, acting pro se, Defendant filed a Notice of Appeal ("NOA"). (See NOA, ECF No. 240.) He subsequently sought appointment of counsel in this Court. (See Mot. Appoint. Counsel, ECF No. 241 (filed Sept. 19, 2022); Mot. Appoint. Counsel, ECF No. 242 (filed Sept. 23, 2022).) Both appointment motions remain sub judice.[4] On October 24, 2022, Defendant moved to extend his December 8, 2022 surrender date in light of his pending appeal (see ECF No. 244), which motion was granted on November 22, 2022. (See Nov. 22, 2022 Elec. Order; see also supra note 1.) On November 17, 2022, Defendant filed the instant Reconsider Motion requesting the Court reconsider its sentence of imprisonment. (Reconsider Motion.)

## DISCUSSION

I.  Applicable Law

While the pleading of pro se litigants are generally entitled to liberal construction and "should be read 'to raise the strongest arguments that they suggest,'" United States v. Rodriguez, No. 93-CR-0549, 2021 WL 2444564, at *1 (S.D.N.Y. June 15, 2021) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001); further citation omitted), "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation

---

[4] It is the Court's understanding that Defendant has made the same request for appointment of counsel to the Circuit Court.

of scarce judicial resources.'" Id. (quoting In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011); further citation omitted). The reconsideration standard is well-settled as recently and succinctly reiterated by District Judge John F. Keenan of the Southern District of New York:

> Borrowing from the civil context, the legal standard governing criminal motions for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. Compelling reasons for granting a motion for reconsideration are limited to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.

Rodriguez, 2021 WL 2444564, at *1 (internal quotation marks, modifications, and citations omitted); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted; emphasis added).

II. Application

As in Rodriguez, here, the Court lacks jurisdiction over Defendant's Reconsider Motion because of his pending appeal of

the VOSR Judgment, in particular, his sentence of imprisonment. See id. at *2 ("As a preliminary matter, the Court lacks jurisdiction over Defendants' motion for reconsideration of the May 26 Decision due to Defendants' pending appeal of the same." (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."), and United States v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989) (per curiam) (explaining Griggs "applies in criminal cases")). However, that does not end the Court's inquiry. Instead, the Court turns to Rule 37(a) of the Federal Rules of Criminal Procedure, which states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a); see also United States v. Martin, No. 18-CR-0834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (explaining Rule 37 "allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal"). Thus, "because the Court would deny Defendant['s]

motion for reconsideration notwithstanding [his] pending appeal, the Court will reach the merits of Defendant['s Reconsider Motion] in the interest of judicial economy." Rodriguez, 2021 WL 2444564, at *2 (citation omitted).

The Court finds no compelling reason to grant the Reconsider Motion. Defendant has not pointed to any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Rather, Defendant is dissatisfied with the sentence imposed by this Court after his guilty plea to one of the VOSR charges and seeks little more than the proverbial second bite at the apple. No such bite is warranted.

First, Defendant's arguments in favor of home confinement as opposed to imprisonment were already presented to the Court, considered by it, and rejected. (See, e.g., Sent'g Memo, ECF No. 235, at 12-14; see also Sept. 8, 2022 Sent'g Hr'g (unofficial).) Cf., Rodriguez, 2021 WL 2444564, at *2 ("Defendants do not point to controlling decisions or data that the Court overlooked, but rather, they repeat the same insufficient arguments they asserted in their initial request for early termination of their terms of supervised release.").

Second, Defendant has not pointed to any new evidence for the Court to consider. Indeed, the basis for Defendant's home-confinement argument remains speculative; essentially, he

argues imprisonment will increase his exposure to COVID-19, which he contends is too dangerous for him to contract given his underlying medical conditions. (See Reconsider Motion at 2-3 ("I am 63 years old with multiple ailments to which you have already seen the Medical reports as well have received the risk imposed o[n] [my] life if put in jail and to not receive the alternative medicine that has stabilized me to live a semi normal life . . . ." (emphasis added)); cf. Sent'g Memo at 6; 12-13 (relying upon two previous incidents Defendant suffered from complications of his myasthenia gravis condition, a chronic autoimmune disorder, which can make it difficult to breath: an incident suffered in 2009 while he was incarcerated, and another incident suffered in 2016, while he was at liberty).) Moreover, at this junction, it is unknown the facility at which Defendant will be housed; thus, there is no way to now know the prevalence of COVID-19 to which Defendant may be exposed. In any event, the Federal Bureau of Prisons ("BOP") is actively managing its facilities to ensure the spread of COVID-19 is contained and expeditiously addressed. See, e.g., BOP's COVID-19 Overview: BOP's COVID-19 Response ("To ensure all of our facilities are in compliance with CDC and BOP guidance and directives related to the management of COVID-19 and the mitigation of disease transmission, COVID-19 Compliance Review Teams were established in August 2020, as a component of our Program Review Division. These teams visit every facility to

conduct a thorough review, evaluating compliance measures, monitoring response techniques, and developing further COVID-19 mitigation strategies. Recommendations and best practices are shared with and implemented at all of our facilities as deemed appropriate."), https://www.bop.gov/coronavirus/overview.jsp (last visited Nov. 22, 2022); COVID-19 Modified Operations Plan & Matrix ("At each [operational] level, an infection prevention procedure or modification to operations (such as inmate programming and services) may be made to mitigate the risk and spread of COVID-19 in accordance with BOP pandemic guidance. BOP pandemic guidance follows and integrates guidance and direction from CDC, OSHA, DOJ, and established medical best practices."), https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Nov. 22, 2022). In any event, Defendant is not precluded from seeking compassionate release if circumstances of his imprisonment and medical conditions warrant it. See, e.g., BOP Oct. 26, 2020 Memo re: Motion for Compassionate Release, https://www.bop.gov/foia/docs/Motion_Compassionate_Release_10262020.pdf (last visited Nov. 22, 2022).

Finally, the Court notes that while it acknowledged at his VOSR sentencing that Defendant has significant medical conditions, it found those conditions did not override the need to hold Defendant accountable for his violation of supervised release. (See Sept. 8, 2022 Sent'g Hr'g (unofficial).)

Furthermore, in imposing its six-months' imprisonment sentence, the Court: (1) observed that the Bureau of Prisons is obligated to provide appropriate medical care; (2) departed from its original intention of imposing a nine-month sentence of imprisonment; and (3) determined that upon completion of his six-month sentence, Defendant would no longer be subject to supervised release, notwithstanding it could impose such a condition. (See id.)  See also 18 U.S.C. § 3583(h) ("When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.").  In sum, on the record presented, the Court finds no clear error needs to be corrected nor manifest injustice needs to be prevented.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Reconsider Motion (ECF No. 245) is DENIED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the <u>pro se</u> Plaintiff at his address of record.

**SO ORDERED.**

 /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     December 5, 2022
            Central Islip, New York